UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-2121-CAS(JCx) consolidated with CV09-5803-CAS(JCx) | Date | August 2, 2010 |
|---|---|---|---|
| Title | SPIN MASTER LTD, ET AL., v. YOUR STORE ONLINE consolidated with SILVERLIT TOYS MANUFACTORY LTD.; ET AL. v. ECOMAN CORPORATION; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | NOT PRESENT | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys Present for Plaintiffs:       Attorneys Present for Defendants:

NOT PRESENT                              NOT PRESENT

**Proceedings:** **(In Chambers:) SILVERLIT TOYS MANUFACTORY LTD; ET AL.'S MOTION FOR LEAVE (1) TO MODIFY SCHEDULING ORDER & (2) TO AMEND COMPLAINT** (filed 07/20/10)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of August 16, 2010, is hereby vacated, and the matter is hereby taken under submission.

**I.    INTRODUCTION AND BACKGROUND**

On August 7, 2009, plaintiffs Silverlit Toys Manufactory Ltd. ("Silverlit") and Spin Master Ltd. ("Spin Master") filed the instant suit against defendants Ecoman Corporation and Randy Cheng for copyright infringement and contributory copyright infringement under 17 U.S.C. §§ 101, et seq. Plaintiffs allege that defendants are wrongfully capitalizing on the success of plaintiffs' "Air Hog Havoc Heli" remote control toy helicopter by willfully misappropriating plaintiffs' intellectual property rights. Mot. at 1.

On December 7, 2009, the Court entered a pretrial scheduling order setting the deadline to amend the pleadings for February 1, 2010. On January 11, 2010, plaintiffs sought leave to file an amended complaint pursuant to Fed. R. Civ. P. 15 in order to add two patent infringement claims. On February 8, 2010, the Court granted plaintiffs' motion to file an amended complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-2121-CAS(JCx) consolidated with CV09-5803-CAS(JCx) | Date | August 2, 2010 |
|---|---|---|---|
| Title | SPIN MASTER LTD, ET AL., v. YOUR STORE ONLINE consolidated with SILVERLIT TOYS MANUFACTORY LTD.; ET AL. v. ECOMAN CORPORATION; ET AL. | | |

On May 10, 2010, Your Store Online ("YSO"), defendant in Spin Master Ltd., et al. v. Your Store Online, Case No. 09-2121 CAS (Jcx), filed a motion to consolidate its case with the instant action. YSO argued that the two actions should be consolidated because both actions involve the same plaintiffs and involve the assertion that defendants infringed the same two helicopter utility patents. Mot. at 4-5. On May 28, 2010, the Court granted YSO's motion to consolidate its case with the instant action for all purposes except trial.

On July 19, 2010, plaintiffs filed the instant motion to modify the scheduling order and for leave to file a third amended complaint ("TAC"). On July 26, 2010, defendants filed an opposition. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

As a preliminary matter, the Court must decide whether Fed. R. Civ. P. 15(a) or Fed. R. Civ. P. 16(b) applies. Generally, a court grants a motion for leave to amend pleadings pursuant to the permissive standard of Fed. R. Civ. P. 15(a). Martinez v. Newport Beach City, 125 F.3d 777, 785 (9th Cir. 1997). However, once the district court enters a scheduling order establishing a deadline for amending pleadings, Fed. R. Civ. P. 16(b) applies. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). This is because once the scheduling order is in place, the court must modify the scheduling order to permit an amendment. W. Schwarzer, A. Tashima & M. Wagstaffe, Federal Civil Procedure Before Trial (2006) § 8:405.1 (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).

Here, the Court has already set a deadline of February 1, 2010 for amending the pleadings. Ct. Order December 7, 2009. Therefore, plaintiffs must demonstrate "good cause" for amendment under Rule 16, then if "good cause" is shown, plaintiffs must demonstrate that amendment is proper under Rule 15(a).

### A.    Federal Rule of Civil Procedure 16

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-2121-CAS(JCx) consolidated with CV09-5803-CAS(JCx) | Date | August 2, 2010 |
|---|---|---|---|
| Title | SPIN MASTER LTD, ET AL., v. YOUR STORE ONLINE consolidated with SILVERLIT TOYS MANUFACTORY LTD.; ET AL. v. ECOMAN CORPORATION; ET AL. | | |

Fed. R. Civ. P. 16(b)(4) provides that a scheduling order shall be modified "only for good cause." "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Id. at 609. Accordingly, while the court may consider the "existence or degree of prejudice" to the opposing party, the focus of the court's inquiry is upon the moving party's explanation for failure to timely move for leave to amend. Id. "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 609).

### B. Federal Rule of Civil Procedure 15

Fed. R. Civ. P. 15 provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).

Where leave to amend is required, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir.2003)). "Some courts have stressed prejudice to the opposing party as the key factor." Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991). However, "[u]ndue delay is a valid reason for denying leave to amend.'" Id. (quoting Contact Lumber Co. v. P.T. Moges Shipping Co., 918 F.2d 1446, 1454 (9th Cir. 1990)); but see Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999) ("Undue delay by itself, however, is insufficient to justify denying a motion to amend."). Further, "the liberality of Rule 15(a) does not mean that amendment will be allowed regardless of the diligence of the moving party. Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-2121-CAS(JCx) consolidated with CV09-5803-CAS(JCx) | Date | August 2, 2010 |
|---|---|---|---|
| Title | SPIN MASTER LTD, ET AL., v. YOUR STORE ONLINE consolidated with SILVERLIT TOYS MANUFACTORY LTD.; ET AL. v. ECOMAN CORPORATION; ET AL. | | |

based but fails to include them in the original complaint, the motion to amend may be denied." Jordan, 669 F.3d at 1324.  And "[l]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." Kaplan, 49 F.3d at 1370 (internal quotation marks and citation omitted).  Delay can contribute to a finding of prejudice, for "expense, delay, and wear and tear on individuals and companies count toward prejudice." Id. (internal quotation marks and citation omitted).

## III.   DISCUSSION

Plaintiffs seek to modify the scheduling order and seek leave to file a TAC adding a single claim for infringement of U.S. Design Patent D590,896 S ("'896 Patent") and to add defendant, Toys Tekk Corp. ("Toys Tekk"), alleged as an alter ego of defendant Randy Cheng.  Mot. at 1.  Plaintiffs allege that it recently learned that Toys Tekk, which shares the same business address as defendant Ecoman, and like Ecoman, is controlled by defendant Randy Cheng, has been importing and selling remote controlled toy cars that infringe Spin Master's '896 Patent.  Id.

### A.    Good Cause and Undue Delay

Plaintiffs argue that they have been diligent in assisting the Court in creating a workable scheduling order and that it was only recently, after the December 7, 2009 Scheduling Order and February 22, 2010 amendment thereto were entered, that they learned of facts giving rise to their proposed amendment.  Id. at 7.  Moreover, plaintiffs argue that they were diligent in seeking modification of the Scheduling Order by trying to meet and confer with defendants in order to avoid having to bring this motion.  Id. at 8.  Plaintiffs assert that they asked for a conference of counsel several times but were unable to meet with counsel because defendant Randy Chen was on vacation until mid-July 2010.  Id.

Moreover, plaintiffs contend that their proposed amendment will not cause any delay in the proceedings because fact discovery does not close until December 31, 2010, and trial is not scheduled to commence until July 12, 2011, leaving defendants ample time

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-2121-CAS(JCx) consolidated with CV09-5803-CAS(JCx) | Date | August 2, 2010 |
|---|---|---|---|
| Title | SPIN MASTER LTD, ET AL., v. YOUR STORE ONLINE consolidated with SILVERLIT TOYS MANUFACTORY LTD.; ET AL. v. ECOMAN CORPORATION; ET AL. | | |

to conduct discovery regarding the single claim that plaintiffs seek to add. Id. at 10.

Defendants respond that plaintiffs could have included the claim in their second amended complaint because they knew of the existence of defendants' toy car as early as December 13, 2009, when they obtained defendants' bill of lading. Opp'n at 3. Defendants therefore argue that plaintiffs' delay in bringing this proposed amendment at this time is unjustified. Id.

### B. Prejudice to the Opposing Party

Plaintiffs argue that defendants will not be prejudiced by their proposed amendment because defendants are already well aware of plaintiffs' Zero Gravity cars, having identified the Zero Gravity Laser in their March 8, 2010 Answer and Counterclaim. Mot at 9; see Document No. 35. Plaintiffs further assert that the Zero Gravity cars employ the car base that is claimed in the '896 Patent. Mot. at 9. Furthermore, plaintiffs argue that the '896 Patent is already at issue in the YSO case and therefore defendant can rely on YSO's invalidity contentions for the '896 Patent. Id.

Defendants respond that plaintiffs' proposed amendments will prejudice them, in that they have already propounded fifteen interrogatories to plaintiffs. Opp'n at 4. Defendants argue that had the proposed claim been included in the SAC, they could have included the claim in the first set of interrogatories. Id. Defendants assert that it is now too late for them to do so. Id.

### C. Futility

Plaintiffs argue that their proposed amendment is not futile because a simple comparison of the car base design claimed in the '896 Patent and the car base employed by defendants' infringing cars confirm that plaintiffs have a compelling infringement case. Mot. at 12.

Defendants respond that plaintiffs will not be able to prevail on its infringement claim because of numerous physical differences between the purportedly infringing toy car and the '896 Patent. Opp'n 4-7. Therefore, defendants argue that plaintiffs'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-2121-CAS(JCx) consolidated with CV09-5803-CAS(JCx) | Date | August 2, 2010 |
|---|---|---|---|
| Title | SPIN MASTER LTD, ET AL., v. YOUR STORE ONLINE consolidated with SILVERLIT TOYS MANUFACTORY LTD.; ET AL. v. ECOMAN CORPORATION; ET AL. | | |

allegation will eventually be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted and therefore amending the complaint will be futile. Id. at 7.

### D. Bad Faith

Plaintiffs argue that their proposed amendment is not made in bad faith and that because defendants and Toys Tekk have copied their design patents, they are entitled to pursue claims for damages and an adequate injunction that will protect their rights. Mot. at 11.

Defendants respond that plaintiffs are only filing this motion to cause delay and harass defendants. Opp'n at 7. Defendants contend that they have been willing to withdraw the toy car to avoid unnecessary litigation and that by filing this amendment, "plaintiffs will not gain anything." Id.

## IV. CONCLUSION

While the Court recognizes that adding a new defendant and claim may expand the scope of discovery, the Court finds that good cause exists to allow the amendment. Moreover, the proposed amendment will not prejudice defendants, who will still have ample time to gather evidence given that the deadline for fact discovery is not until December 31, 2010, nor does the amendment appear to be made in bad faith. Finally, the question of futility is better addressed on a motion to dismiss. Accordingly, the Court GRANTS plaintiffs' motion to modify the scheduling order and for leave to file a TAC.

In accordance with the foregoing, the Court GRANTS plaintiffs' motion to modify the scheduling order and GRANTS plaintiffs' motion for leave to file a TAC.

IT IS SO ORDERED.

00 : 00

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

# CIVIL MINUTES - GENERAL

| Case No. | CV09-2121-CAS(JCx) consolidated with CV09-5803-CAS(JCx) | Date | August 2, 2010 |
|---|---|---|---|
| Title | SPIN MASTER LTD, ET AL., v. YOUR STORE ONLINE consolidated with SILVERLIT TOYS MANUFACTORY LTD.; ET AL. v. ECOMAN CORPORATION; ET AL. | | |

Initials of Preparer          CMJ