UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

# CIVIL MINUTES - GENERAL

| Case No. | CV 09-2121 CAS (JCx) consolidated with CV 09-5803 CAS (JCx) | Date | November 22, 2010 |
|---|---|---|---|
| Title | SPIN MASTER LTD, ET AL., v. YOUR STORE ONLINE consolidated with SILVERLIT TOYS MANUFACTORY LTD.; ET AL. v. ECOMAN CORPORATION; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Margaret Babykin | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Kamran Salour
George Belfield

Attorneys Present for Defendants:

Courtney Curtis

**Proceedings:**   **PLAINTIFFS' MOTION (1) TO MODIFY SCHEDULING ORDER AND (2) FOR LEAVE TO AMEND COMPLAINT** (filed 10/20/10)

## I.   INTRODUCTION & BACKGROUND

On March 26, 2009, plaintiffs Spin Master Ltd. and Spin Master Inc. ("Spin Master") filed the instant action against Your Store Online ("YSO"). On May 4, 2009, Spin Master filed a first amended complaint ("FAC") against YSO alleging claims for (1) trademark infringement, 15 U.S.C. § 1114(1); (2) violation of federal competition law, 15 U.S.C. § 1125(a); (3) copyright infringement, 17 U.S.C. § 101, *et seq.*; (4) contributory copyright infringement, 17 U.S.C. § 101, *et seq.*; (5) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; (6) common law trademark infringement; (7) patent infringement, 35 U.S.C. § 271, *et. seq.* The gravamen of the FAC is that YSO infringes Spin Master's intellectual property rights by selling on its e-commerce website "knock-offs" of Spin Master's "Zero Gravity Micro" and "Zero Gravity Wall Climber" remote-controlled toy cars.

On May 18, 2009, YSO filed an answer to the FAC. On May 20, 2009, YSO filed an amended answer to the FAC alleging counterclaims against Spin Master for (1) cancellation of U.S. Trademark Registration No. 3,267,725 for "Wall Climber"; (2) cancellation of U.S. Trademark Registration No. 3,210,297 for "Zero Gravity;" (3) declaratory relief as to Patent No. D590,896.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2121 CAS (JCx) consolidated with CV 09-5803 CAS (JCx) | Date | November 22, 2010 |
|---|---|---|---|
| Title | SPIN MASTER LTD, ET AL., v. YOUR STORE ONLINE consolidated with SILVERLIT TOYS MANUFACTORY LTD.; ET AL. v. ECOMAN CORPORATION; ET AL. | | |

On July 6, 2009, the Court entered a pretrial scheduling order, pursuant to Fed. R. Civ. P. 16, and set the deadline to amend the pleadings for September 4, 2009.

On October 22, 2009, the Court granted plaintiffs' motion to amend the scheduling order and motion for leave to file a second amended complaint ("SAC"). A SAC was filed on October 22, 2009. The SAC, which added Silverlit Toys Manufactory Ltd. ("Silverlit") as a plaintiff, alleged infringement of utility patents and copyright owned by Silverlt, Spin Master's licensor. An answer was filed on November 10, 2009.

On May 28, 2010, the Court granted YSO's motion to consolidate this case with Case No. 09-5803 CAS (SSx), and adopted an amended scheduling order in both cases. On September 17, 2010, upon joint stipulation, the Court modified the May 28, 2010 scheduling order to the indicated dates: Claim Construction Hearing 12/20/2010; Fact Discovery Cut-Off 12/31/2010; Exchange of Expert Reports 1/24/2011; Exchange of Export Rebuttal Reports 2/22/2011; Expert Discovery Cut-Off 3/18/2011; Last Day to File Motions 3/28/2011; Final Pretrial Conference 5/23/2011 at 11:00 AM; Trial 7/5/2011.

On October 20, 2010 Spin Master filed the instant motions to modify the scheduling order and for leave to file a third amended complaint ("TAC").[1] YSO filed an opposition on November 1, 2010. On November 8, 2010, Spin Master replied. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

Generally, a court grants a motion for leave to amend pleadings pursuant to the permissive standard of Fed. R. Civ. P. 15(a). Martinez v. Newport Beach City, 125 F.3d 777, 785 (9th Cir. 1997). However, once the district court enters a scheduling order

---

[1] On October 20, 2010, Spin Master also filed an *ex parte* application for an order to shorten the time for hearing on the instant motion. The Court denied Spin Master's *ex parte* application on October 25, 2010.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2121 CAS (JCx) consolidated with CV 09-5803 CAS (JCx) | Date | November 22, 2010 |
|---|---|---|---|
| Title | SPIN MASTER LTD, ET AL., v. YOUR STORE ONLINE consolidated with SILVERLIT TOYS MANUFACTORY LTD.; ET AL. v. ECOMAN CORPORATION; ET AL. | | |

establishing a deadline for amending pleadings, Fed. R. Civ. P.16(b) applies. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). This is because once the scheduling order is in place, the court must modify the scheduling order to permit an amendment. W. Schwarzer, A. Tashima & M. Wagstaffe, Federal Civil Procedure Before Trial § 8:405.1 (2006) (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).

Here, the Court has already set a deadline of September 4, 2009, for amending the pleadings. Therefore, plaintiffs must demonstrate "good cause" for amendment under Rule 16, then if "good cause" is shown, plaintiffs must demonstrate that amendment is proper under Rule 15(a).

### A. Federal Rule of Civil Procedure 16

Fed. R. Civ. P. 16(b) provides that a scheduling order shall be modified "only for good cause." Fed. R. Civ. P. 16(b)(4). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. Accordingly, while the court may consider the "existence or degree of prejudice" to the opposing party, the focus of the court's inquiry is upon the moving party's explanation for failure to timely move for leave to amend. Id. "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 609)

### B. Federal Rule of Civil Procedure 15

Fed. R. Civ. P. 15 provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).

Where leave to amend is required, the decision whether to grant leave to amend "is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2121 CAS (JCx) consolidated with CV 09-5803 CAS (JCx) | Date | November 22, 2010 |
|---|---|---|---|
| Title | SPIN MASTER LTD, ET AL., v. YOUR STORE ONLINE consolidated with SILVERLIT TOYS MANUFACTORY LTD.; ET AL. v. ECOMAN CORPORATION; ET AL. | | |

entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003)). "Some courts have stressed prejudice to the opposing party as the key factor." Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991). However, "[u]ndue delay is a valid reason for denying leave to amend.'" Id. (quoting Contact Lumber Co. v. P.T. Moges Shipping Co., 918 F.2d 1446, 1454 (9th Cir. 1990)); but see Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999) ("Undue delay by itself, however, is insufficient to justify denying a motion to amend."). Further, "the liberality of Rule 15(a) does not mean that amendment will be allowed regardless of the diligence of the moving party. Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." Jordan, 669 F.2d at 1324. And "[l]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994) (internal quotation marks and citation omitted). Delay can contribute to a finding of prejudice, for "expense, delay, and wear and tear on individuals and companies . . . ." Id. (internal quotation marks and citation omitted).

## III. DISCUSSION

Spin Master seeks to modify the scheduling order, as well as leave to file a TAC adding: (1) a claim for direct and contributory infringement of U.S. Copyright No. VA 1-285-847 ("UFO Copyright"); (2) a new plaintiff, Steven Davis, who purportedly owns the UFO Copyright and licensed it to Spin Master; and (3) two defendants, Chris and Paul Reoch, who are YSO's principals. Mot. at 1. Spin Master alleges that it recently learned that YSO has begun offering for sale on its website a "Remote Control UFO" which infringes on Spin Master's exclusive rights in the UFO Copyright. Id. Spin Master further alleges that adding Chris and Paul Reoch as defendants is necessary to adequately enforce Spin Master's intellectual property rights because the Reoch brothers

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2121 CAS (JCx) consolidated with CV 09-5803 CAS (JCx) | Date | November 22, 2010 |
|---|---|---|---|
| Title | SPIN MASTER LTD, ET AL., v. YOUR STORE ONLINE consolidated with SILVERLIT TOYS MANUFACTORY LTD.; ET AL. v. ECOMAN CORPORATION; ET AL. | | |

direct, authorize, and enjoy a direct financial benefit from YSO's infringement. Id. at 1, 11–13.

### A. Good Cause

Spin Master argues that it was only recently, in early October 2010, after the September 9, 2009 deadline to amend had expired, that it learned of facts giving rise to its proposed amendment. Id. at 5, 7. Spin Master argues that it was diligent in seeking modification of the Scheduling Order by meeting and conferring with YSO on October 11, 2010. Id. Spin Master asserts that it requested that YSO agree to an injunction preventing YSO from offering the accused Remote Control UFO on its website, but that YSO refused. Id. Spin Master further asserts that it sought to shorten the ten day period before which it could file the instant motion and to shorten the time for hearing on the motion, but that YSO refused. Id. at 7–8.

YSO responds that there is no good cause to add Chris and Paul Reoch as individual defendants because Spin Master knew of them as early as July 2, 2009, when YSO identified them as YSO's principals in its Rule 26 Initial Disclosures. Opp'n at 6. YSO asserts that it produced emails and other correspondence in discovery, beginning as early as November 2009, which demonstrate that Chris and Paul Reoch were involved in the acquisition and sale of the accused products. Id.

YSO further responds that it has engaged in good faith efforts to obviate the need for another amended complaint. Id. at 3. YSO asserts that during the October 11, 2010 meet and confer, it explained to Spin Master that the accused Remote Control UFO was displayed on YSO's website as a result of YSO's affiliate program with a third party "drop-shipper," Doba. Id. at 4 (citing Reoch Decl. ¶¶ 3–4). Through YSO's affiliate program, third party suppliers for various products contract with a drop-shipper, such as Doba, that "feed" the products sold by third party suppliers for display on YSO's website. Id. (citing Reoch Decl. ¶ 3). YSO asserts that it does not select the products that Doba feeds to its site, does not stock the products in its warehouse, and does not ship the products to customers. Id. (citing Reoch Decl. ¶ 3). Rather, if a product placed on the site through Doba is purchased by a customer, YSO forwards the order information to Doba, who arranges for the supplier to ship the merchandise to the customer. Id. (citing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2121 CAS (JCx) consolidated with CV 09-5803 CAS (JCx) | Date | November 22, 2010 |
|---|---|---|---|
| Title | SPIN MASTER LTD, ET AL., v. YOUR STORE ONLINE consolidated with SILVERLIT TOYS MANUFACTORY LTD.; ET AL. v. ECOMAN CORPORATION; ET AL. | | |

Reoch Decl. ¶ 3). According to YSO, as soon as it learned that the accused Remote Control UFO had been fed to its website, it immediately cancelled all orders, removed the product from its website, and commenced measures to prevent customers from being able to locate the accused product on the website. Id. at 4–5 (citing Reoch Decl. ¶¶ 5–7).

Finally, YSO responds that Spin Master unfairly characterizes the parties' discussions with respect to an injunction for the accused Remote Control UFO. Id. at 5. YSO asserts that during the October 11, 2010 meet and confer, its counsel said that the notion of an injunction seemed premature because (1) during the conference call Spin Master's counsel indicated that it was just an off-the-cuff idea, that had not yet been presented or approved by his clients; (2) there is no pending infringement claim for the Court to enjoin; and (3) YSO did not yet know how it could restrict the types of products fed onto its website by Doba. Id. (citing Curtis Decl. ¶ 4, Ex. A).

Spin Master replies that there is good cause to add Chris and Paul Reoch as individual defendants because it was not until the October 11, 2010 meet and confer that Spin Master learned that YSO does not have control over what products third party Doba places on the YSO website. Reply at 3. Spin Master argues that YSO has adopted a "see no evil" approach to the products it offers for sale on its website, and as a result, Chris and Paul Reoch have created a system where they can sell infringing products, profit from the sales, and avoid liability because any judgment for infringement would be entered against YSO only. Id. at 4. Thus, Spin Master argues that there is good cause for adding Chris and Paul Reoch as defendants to prevent them from avoiding liability for selling infringing products.[2] Id.

**B.  Prejudice to the Opposing Party and Undue Delay**

---

[2] Spin Master requests that the Court take judicial notice of various pleadings from different cases involving YSO, which it argues demonstrate that there is a distinct possibility that YSO will default on a potential judgment in the instant action. See Plaintiffs' Request for Judicial Notice at 1; Mot. at 12. The Court denies Spin Master's request for judicial notice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2121 CAS (JCx) consolidated with CV 09-5803 CAS (JCx) | Date | November 22, 2010 |
|---|---|---|---|
| Title | SPIN MASTER LTD, ET AL., v. YOUR STORE ONLINE consolidated with SILVERLIT TOYS MANUFACTORY LTD.; ET AL. v. ECOMAN CORPORATION; ET AL. | | |

  Spin Master argues that YSO will not be prejudiced by the proposed amendment because it will not cause any delay in the proceedings. Mot. at 9. Spin Master argues that because fact discovery does not close until December 31, 2010, and trial is not scheduled to commence until July 5, 2011, YSO has ample time to conduct discovery regarding the newly proposed copyright claim. Id. Furthermore, Spin Master contends that even if additional discovery is required, that alone is insufficient to deny a proposed amendment based on prejudice. Id. (citing In re Circuit Breaker Litig., 175 F.R.D. 547, 551 (C.D. Cal. 1997); Fru-Con Constr. Corp. v. Sacramento Mun. Util. Dist., 2006 U.S. Dist. LEXIS 94421, at *16–17 (E.D. Cal. Dec. 15, 2006)). Spin Master contends that the proposed amendment will not create undue delay because the proposed amendment will not require a continuance of discovery or trial. Id. at 10.

  YSO responds that it will be highly prejudiced if the Court grants Spin Master leave to amend because it would be forced to rush to prepare discovery requests related to the new copyright claims and new plaintiff before the December 31, 2010 discovery cut-off. Opp'n at 7–8. YSO further responds that it would not have time for a motion to compel if Spin Master's responses were inadequate. Id. at 8. Moreover, YSO argues that it would be forced to undertake an entirely new defense related to the accused Remote Control UFO, the new plaintiff and the new defendants. Id. at 8–9 (citing IXYS Corp. v. Advanced Power Tech., 2004 U.S. Dist. LEXIS 804, at *8 (N.D. Cal. Jan. 22, 2004) ("the need for a party to conduct supplemental discovery or to consider a new line of legal argument are classic sources of prejudice that have regularly proven sufficient to defeat a motion for leave to amend."); Zivkovic, 302 F.3d at 1087 ("requirement of additional discovery would have prejudiced Edison"); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)).

  Spin Master replies that the uncertain discovery scenarios YSO envisions are insufficient to constitute prejudice. Reply at 5. Furthermore, Spin Master argues that any prejudice YSO faces is self-imposed, because YSO could have agreed to an injunction enjoining them from selling the accused Remote Control UFO or to shorten the time frame on the hearing for this motion. Id. Nevertheless to diffuse YSO's claim of prejudice, Spin Master asserts that it is amenable to stipulating that YSO and Chris and Paul Reoch will have until February 28, 2010 to conduct any discovery concerning Spin Master's proposed amendments. Id. at 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2121 CAS (JCx) consolidated with CV 09-5803 CAS (JCx) | Date | November 22, 2010 |
|---|---|---|---|
| Title | SPIN MASTER LTD, ET AL., v. YOUR STORE ONLINE consolidated with SILVERLIT TOYS MANUFACTORY LTD.; ET AL. v. ECOMAN CORPORATION; ET AL. | | |

### C. Bad Faith

Spin Master argues that the proposed amendment is not made in bad faith and that because YSO is displaying, advertising, and offering for sale a Remote Control UFO that is substantially similar to the design protected by its UFO Copyright, it is entitled to pursue claims for damages and an injunction to protect their rights. Mot. at 11.

YSO responds that Spin Master's underlying motive for seeking leave to amend is to prejudice and punish Chris and Paul Reoch. Opp'n at 10.

Spin Master replies that the proposed amendment is made in good faith because all Spin Master is trying to do is protect its intellectual property. Reply at 8–9.

### D. Futility

Spin Master argues that its proposed amendment is not futile because a simple comparison of the design depicted in the UFO Copyright with the accused Remote Control UFO confirms that Spin Master and Davis have a compelling infringement case. Mot. at 11.

YSO responds that because the accused product is no longer offered for sale on its website, the proposed amendment is futile. Opp'n at 9–10.

Spin Master replies that YSO's argument misconstrues futility because an amendment is only futile when it fails to state a claim for relief. Reply at 7 (citing Townsend v. Univ. of Alaska, 543 F.3d 478, 485 n.6 (9th Cir. 2008)). Spin Master argues that futility goes to whether a party may recover damages, not the amount of damages it may recover. Id. at 8. Spin Master contends that regardless of the number of sales of the Remote Control UFO, Spin Master is still entitled to a permanent injunction restraining YSO from selling the product in the future. Id.

### IV. CONCLUSION

The Court concludes that granting Spin Master's motion to modify the scheduling

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2121 CAS (JCx) consolidated with CV 09-5803 CAS (JCx) | Date | November 22, 2010 |
|---|---|---|---|
| Title | SPIN MASTER LTD, ET AL., v. YOUR STORE ONLINE consolidated with SILVERLIT TOYS MANUFACTORY LTD.; ET AL. v. ECOMAN CORPORATION; ET AL. | | |

order and for leave to file a TAC is inappropriate at this late stage. The Court finds that Spin Master has not demonstrated "good cause" for modifying the scheduling order to add defendants Chris and Paul Reoch, as required by Fed. R. Civ. P. 16(b). Spin Master has long known that the Reoch brothers are YSO's principals, and yet it has never previously sought to add them as defendants. Moreover, there is not "good cause" to add the Reoch brothers based upon Spin Master's novel, but hardly newly discovered, theory that YSO may not be capable of satisfying a potential judgment. See Johnson, 975 F.2d at 609.

Moreover, while there may be good cause to allow Spin Master to amend to pursue the UFO Copyright claim, and the claim does not appear to be futile or made in bad faith, the Court finds that the proposed amendment would unduly prejudice YSO. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) ("Prejudice is the touchstone of the inquiry under rule 15(a).") (internal quotes omitted). The addition of the UFO Copyright claim would force YSO to engage in significant additional discovery, likely necessitating a delay in the discovery cut-off. See Solomon v. N. Am. Life & Cas. Ins. Co., 151 F.3d 1132, 1139 (9th Cir. 1998) (motion to amend "on the eve of the discovery deadline" properly denied because it would have required reopening discovery, thus delaying proceedings."). More importantly, YSO would have to undertake the defense of a whole new, tangentially related copyright claim. Cf. Rose, 893 F.2d at 1079 ("The new claims set forth in the amended complaint would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense."). Furthermore, the Court finds that amendment would likely cause undue delay. Spin Master proposes placing the UFO Copyright claim onto the same scheduling track as the existing claims – a notion that, as YSO notes, is both highly improbable and likely to substantially prejudice YSO. In all likelihood, if the Court were to grant Spin Master's motion it would be forced to extend the deadlines for fact discovery, pre-trial motions, and possibly trial. Finally, it bears mention that where, as here, "the court has already given a plaintiff one or more opportunities to amend his complaint," the Court's discretion to deny Spin Master's motion for leave to amend is especially broad. Mir v. Fosburg, 646 F.2d 342, 347 (9th Cir. 1980).

Accordingly, the Court DENIES Spin Master's motion to modify the scheduling

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

# CIVIL MINUTES - GENERAL

| Case No. | CV 09-2121 CAS (JCx) consolidated with CV 09-5803 CAS (JCx) | Date | November 22, 2010 |
|---|---|---|---|
| Title | SPIN MASTER LTD, ET AL., v. YOUR STORE ONLINE consolidated with SILVERLIT TOYS MANUFACTORY LTD.; ET AL. v. ECOMAN CORPORATION; ET AL. | | |

order and for leave to file a TAC.

   IT IS SO ORDERED.

|  |  | 00 | : | 05 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |